UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROTECT THE PUBLIC'S TRUST <br> 712 H Street, N.E. <br> Suite 1682 <br> Washington, D.C. 20002, <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL ENERGY REGULATORY <br>     COMMISSION <br> 888 First Street, N.E. <br> Washington, D.C. 20426, <br><br> Defendant. | Civil Case No. 1:22-cv-01307 |

## COMPLAINT

1. Plaintiff Protect the Public's Trust brings this action against the Federal Energy Regulatory Commission under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgement Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff Protect the Public's Trust ("PPT") is an unincorporated association of retired and former public servants and concerned citizens that is dedicated to restoring public trust in

1

government by promoting the fair and equal application of the rules and standards of ethical conduct to all public servants. *See* D.C. Code § 29–1102(5). Consistent with Justice Brandeis's aphorism that "Sunlight is said to be the best of disinfectants; electric light the most efficient policeman," PPT seeks to promote transparency and broadly disseminate information so that the American people can evaluate the integrity and ethical conduct of those who act in their name. Louis Brandeis, OTHER PEOPLE'S MONEY AND HOW BANKERS USE IT (1914), https://louisville.edu/law/library/special-collections/the-louis-d.-brandeis-collection/other-peoples-money-chapter-v.

5. Defendant Federal Energy Regulatory Commission ("FERC" or "the Agency") is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). The Agency has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

6. On June 2, 2021, PPT submitted a FOIA request (attached as Exhibit A) to the Agency seeking the following records:

    > From November 23, 2020 through the date this request is processed, all waivers, impartiality determinations, or any other guidance issued to political appointees of the Biden Administration exempting them from any part of their obligations as defined in relevant laws, regulations, rules, and/or the Biden Administration's Ethics Pledge. This request also includes any records and communications between employees of the Office of the General Counsel as well as any records and communications between the Office of General Counsel and any political appointees regarding waivers or impartiality determinations.

7. This request was submitted via email to the address foia-ceii@ferc.gov. A copy of the email submitting this request is attached as Exhibit B. The email address foia-ceii@ferc.gov is listed on FERC's website as the appropriate place to submit FOIA requests. *See* File a FOIA – Privacy Act Request, FERC (Accessed May 12, 2022), https://www.ferc.gov/enforcement-legal/foia/file-foia-privacy-act-

2

request#:~:text=Email%20your%20request%20directly%20to,%2Dceii%40ferc.gov%20 ("Email your request directly to FOIA's Public Liaison at foia-ceii@ferc.gov.") (A print out of this page is attached as Exhibit C).

8. As Attorney General Garland has made clear, FOIA is "a vital tool for ensuring transparency, accessibility, and accountability in government" whose "'basic purpose . . . is to ensure an informed citizenry,' which is 'vital to the functioning of a democratic society [and] needed to check against corruption and to hold the governors accountable to the governed.'" Merrick Garland, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines* 1 (Mar. 15, 2022), https://www.justice.gov/ag/page/file/1483516/download (quoting *NLRB v. Robbins Tire & Rubber Co*, 437 U.S. 214, 242 (1978)) ("Garland Memo").

9. The release of these documents is in the public interest because they will help the public understand which high-level FERC officials have potential conflicts of interest, how the Agency is addressing those conflicts, and whether officials are following the rules. These questions are particularly important at an agency like FERC, which oversees a highly regulated industry with tremendous financial stakes, and which is at the forefront of a number of highly contentious policy disputes that have the potential to impact energy prices for American consumers.

10. Plaintiff has reached out at least four times regarding the status of this request, including on September 10, 2021, October 29, 2021, February 18, 2022, and March 4, 2022.

11. On March 4, 2022, the Agency responded "A review of our records did not identify the a [*sic*] June communication. I apologize for any inconvenience that this may have caused to you. I kindly ask that you resubmit your request."

12. While we understand that mistakes happen, FOIA requesters should not bear the burden of the Agency misplacing a request for over 9 months.

13. As the Garland Memo makes clear, "Timely disclosure of records is also essential to the core purpose of FOIA." Garland Memo at 3.

14. As of today, Plaintiff's request has been pending for more than 340 days – nearly a year, and well beyond the statutory period for federal agencies to make a determination with respect to a FOIA request. 5 U.S.C. § 552(a)(6)(A)-(B).

15. At this time, the Agency has not made a determination of whether it will comply with Plaintiff's request. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013). The Agency has not indicated that it has begun a search for responsive documents, nor has it produced responsive documents to the Plaintiff, communicated to the Plaintiff the scope of the documents it intends to produce and withhold, along with the reasons for such withholding, or informed Plaintiff of its ability to appeal any adverse portion of its determination.

16. To the contrary, the Agency has placed the burden on the Plaintiff to restart the FOIA process by submitting a new request and going to the back of the line. To the extent that this constitutes an affirmative denial of Plaintiff's request, the Agency has not appraised Plaintiff of its ability to appeal any adverse portion of its action.

17. Given these facts, it appears that absent litigation the Agency has not and does not intend to meet its statutory obligations to provide the requested records.

18. Through the Agency's failure to make a determination within the time period required by law, PPT has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

19. PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

20. PPT properly requested records within the possession, custody, and control of the Agency.

21. FERC is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

22. The Agency is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its request.

23. The Agency is wrongfully withholding non-exempt agency records requested by PPT by failing to segregate exempt information in otherwise non-exempt records responsive to the PPT FOIA request.

24. The Agency's failure to provide all non-exempt responsive records violates FOIA.

25. Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

Protect the Public's Trust respectfully requests this Court:

(1) Assume jurisdiction in this matter, and maintain jurisdiction until the Agency complies with the requirements of FOIA and any and all orders of this Court.

(2) Order Defendant to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to PPT's FOIA request and indexes justifying the withholding of all or part of any responsive records withheld under claim of exemption.

(3) Enjoin the Defendant from continuing to withhold any and all non-exempt responsive records.

(4) Award the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

(5) Grant PPT other such relief as the Court deems just and proper.

Dated: May 12, 2022                     Respectfully submitted,

                                        PROTECT THE PUBLIC'S TRUST
                                        By Counsel:

                                        /s/Gary M. Lawkowski
                                        Gary M. Lawkowski
                                        D.D.C. Bar ID: VA125
                                        DHILLON LAW GROUP, INC.
                                        2121 Eisenhower Avenue, Suite 402
                                        Alexandria, Virginia 22314
                                        Telephone: 703-965-0330
                                        Facsimile: 415-520-6593
                                        GLawkowski@Dhillonlaw.com

                                        *Counsel for the Plaintiff*